**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| James Wunder, | Civil Action No. 09-3497 (SDW)(MCA) |
| Plaintiff, | |
| v. | **OPINION** |
| Katherine Gibbs School. | |
| Defendant. | July 1, 2010 |

**WIGENTON,** District Judge.

Before the Court is Defendant Katherine Gibbs School's ("Gibbs" or "Defendant") Motion to Dismiss Plaintiff James Wunder's ("Wunder" or "Plaintiff") Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6) (the "Motion"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Venue is proper in this District pursuant to 28 U.S.C. § 1391(a). The Motion is decided without oral argument pursuant to FED. R. CIV. P. 78.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff James Wunder was employed by Defendant Katherine Gibbs School for approximately eight months. (Pl.'s First Am. Compl. ¶ 4 (hereinafter "Am. Comp.").) During this period, Plaintiff alleges that Defendant's discriminatory actions towards Plaintiff, based upon his disability, forced him to resign. (*Id.* ¶ 43.)

Plaintiff was hired by Gibbs for the position of "Director of High School Admissions" and held that position for the entire time he was employed by Defendant.[1] (*Id.* ¶ 5.) Plaintiff further alleges that "throughout the entire course of his employment

---
[1] The Amended Complaint fails to specify the exact date Plaintiff was hired by Gibbs.

with Gibbs, his performance was above satisfactory" and that he "could perform the essential functions of his job . . . with a reasonable accommodation."  (*Id.* ¶¶ 7, 37.) Plaintiff, however, does suffer from a severe hearing impairment, but he alleges that Defendant was aware of this impairment before he was hired.  (*Id.* ¶¶ 30, 31.)

In June of 2006, Defendant "hired a VP of Admissions to oversee both admissions departments."  (*Id.* ¶ 12.)  Plaintiff alleges that this individual was hired as Plaintiff's replacement and that the individual was not disabled.  (*Id.* ¶¶ 21, 42.)  Shortly thereafter, in August of 2006, Plaintiff was "informed that his position would soon be eliminated," (*Id.* ¶ 13) and in September of 2006, Plaintiff was "informed that he had the choice of either resigning or being terminated."  (*Id.* ¶ 14.)  Plaintiff chose to resign, and on September 18, 2006, he submitted a letter of resignation, which "stated that his last day of employment would be October 2, 2006."  (*Id.* ¶ 18; Def.'s Mot. to Dismiss, Ex. A.)[2]

Plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and with the Pennsylvania Human Relations Commission ("PHRC").  (*Id.* ¶ 23.)  The claim was docketed by the EEOC on or about October 17, 2007 and his request to dual-file with the PHRC was received by the EEOC on or about the same day.  (*Id.* ¶¶ 24, 25.)  Plaintiff received a Notice of Right to Sue from the EEOC on March 24, 2008.  (*Id.* ¶ 27.)

Subsequently, Plaintiff commenced this action by filing a Writ of Summons on October 1, 2008 in the Pennsylvania Court of Common Pleas, Northampton County.

---

[2] Plaintiff fails to state the date upon which he submitted his letter of resignation.  Plaintiff's resignation letter – dated September 18, 2006 – was, however, submitted as Exhibit A to Defendant's Motion to Dismiss and therefore this Court may consider it. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider  an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

Plaintiff's Complaint, filed on November 2, 2008, asserted one claim against Defendant pursuant to the Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. § 12101 *et seq*. On December 12, 2008, the case was removed to the United States District Court for the Eastern District of Pennsylvania. Subsequently, on December 26, 2008, Plaintiff filed an Amended Complaint which removed Plaintiff's ADA claim and substituted a claim under the New Jersey Law Against Discrimination ("NJLAD"), codified at N.J. STAT. ANN. § 10:5-1 *et seq*. On January 15, 2009, Defendant filed the current Motion to Dismiss. The case was later transferred to this Court on July 9, 2009.

## MOTION TO DISMISS STANDARD

The adequacy of pleadings is governed by FED. R. CIV. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)).

In considering a Motion to Dismiss under FED. R. CIV. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556–57, 570) (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Id.*, the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2).

## **DISCUSSION**

New Jersey's Law Against Discrimination prohibits unlawful discrimination in employment, housing, places of public accommodation, and certain business transactions. *See* N.J. STAT. ANN. §§ 10:5-4, 10:5-12; *Jackson v. Concord Co.*, 54 N.J. 113, 122 (N.J. 1969); *Rubin v. Forest S. Chilton, 3rd, Mem'l Hosp., Inc.*, 359 N.J. Super. 105, 109-10 (App. Div. 2003).

Defendant seeks to dismiss Plaintiff's NJLAD claim - the only remaining claim in the Amended Complaint - because it is barred by the two year statute of limitations

period associated with NJLAD claims.  Defendant argues that the statute of limitations began running on September 18, 2006 – the date Plaintiff resigned from his position at Gibbs.  In his opposition, Plaintiff counters that the statute of limitations did not begin to run until October 2, 2006, less than two years before he first filed suit in the Pennsylvanian Court of Common Pleas.[3]

### I.     NJLAD and the Statute of Limitations

Claims of unlawful discrimination under the NJLAD are subject to a two-year statute of limitations.  *Montells v. Haynes*, 133 N.J. 282, 292 (N.J. 1993).[4]  When interpreting the NJLAD, the New Jersey Supreme Court "has frequently looked to federal precedent governing Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e to § 2000e-17 ('Title VII'), as 'a key source of interpretive authority.'" *Lehmann v. Toys 'R' Us*, 132 N.J. 587, 600 (N.J. 1993) (quoting *Grigoletti v. Ortho Pharmaceutical Corp.*, 118 N.J. 89, 97 (N.J. 1990)).  Moreover, the type of NJLAD claim may dictate when the statute of limitations begins to run.  *Compare Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 27 (N.J. 2002) (stating in dicta that "a constructive discharge claim under the [NJLAD] accrues when the employee gives notice of the resignation"), *with Delaware State College v. Ricks*, 449 U.S. 250, 257-58 (1980) (holding that a wrongful termination claim arises when the discriminatory decision is made, not on the employee's last day of employment).[5]

---

[3] As stated above, Plaintiff filed his Writ of Summons in the Pennsylvanian Court of Common Pleas on October 1, 2008.

[4] It should be noted that while a statute of limitations defense generally must be raised in the answer and generally cannot be raised in a motion to dismiss, the "Third Circuit Rule" allows a limitations defense to be raised in a 12(b)(6) motion if the face of the complaint indicates that the claim is time-barred. *See*, *e.g.*, *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

[5] State precedent may indicate that the New Jersey Supreme Court would depart from federal case law with respect to when a wrongful termination claim arises.  *See Alderiso v. Med. Ctr. Of Ocean County*, 167 N.J. 191, 204 (N.J. 2001) (finding that wrongful termination claim under Conscientious Employee Protection

Plaintiff's Amended Complaint fails to specify the nature of his wrongful termination claim; however, because Plaintiff does not allege that he was terminated, but rather, that he was forced to resign, his claim can only arise out of a constructive discharge.[6] *See* Am. Compl. ¶¶ 16-17; *see also Hyman v. Atlantic City Med. Ctr.*, No. Civ.A. 97-795, 1998 WL 135249, at *11 (D.N.J. Mar. 16, 1998) ("Resignations are considered cognizable adverse employment actions under Title VII only where the court finds facts amounting to a constructive discharge"); *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992); *Donnelly v. United Fruit Co.*, 75 N.J. Super. 383, 400 (App. Div. 1962), *aff'd*, 40 N.J. 61 (N.J. 1963) (holding voluntary resignation barred a wrongful discharge claim), *overruled on other grounds by Saginario v. Att'y Gen.*, 87 N.J. 480 (N.J. 1981).

The statute of limitations on a constructive discharge claim begins to run on the day the employee submits his letter of resignation. *Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 27 (N.J. 2002) (holding that "a constructive discharge claim under the [NJLAD] accrues when the employee gives notice of the resignation").

Here, Plaintiff tendered his letter of resignation on September 18, 2006. (Def.'s Mot. to Dismiss, Ex. A.)[7]  Significantly, because Plaintiff alleges a constructive discharge, Plaintiff had, at the latest, until September 18, 2008 to file suit. Plaintiff did

---

Act, N.J.S.A. § 34:19-1 *et seq.*, arose on last day of work and not when the employee was notified of impending termination). This precedent, however, is inapplicable here because, as discussed *infra*, Plaintiff was not terminated, but rather, resigned.

[6] "Generally, a constructive discharge under the LAD occurs when an 'employer knowingly permit[s] conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign.'" *Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 27 (N.J. 2002) (quoting *Muench v. Township of Haddon*, 255 N.J. Super. 288, 302 (App. Div. 1992)).

[7] As explained above, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

6

not file suit in the Pennsylvania Court of Common Pleas, however, until October 1, 2008 and did not file his Original Complaint in the Eastern District of Pennsylvania until November 14, 2008. Consequently, even if we assume Plaintiff's Writ of Summons filed on October 1, 2008 tolled the statute of limitations, it was still filed after the September 18, 2008 deadline and is therefore time-barred.

## II.  Equitable Tolling

Plaintiff also contends that the equitable tolling doctrine should extend the statute of limitations in this case. (Pl. Opp. Br. 5-7.) Under Third Circuit and New Jersey law, equitable tolling only applies in employment discrimination cases when "(1) the defendant actively misled the plaintiff respecting the reason for the plaintiff's discharge, *and* (2) this deception *caused* the plaintiff's non-compliance with the limitations provision." *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3d Cir. 2007) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)); *see also Villalobos v. Fava*, 342 N.J. Super. 38, 45 (App. Div. 2001), *certif. denied*, 170 N.J. 210 (N.J. 2001) (stating that equitable tolling would apply to CEPA claim only if "plaintiff lacked vital information which was withheld by defendant"); *Dunn v. Borough of Mountainside*, 301 N.J. Super. 262, 280 (App. Div. 1997), *certif. denied*, 153 N.J. 402 (N.J. 1998) (stating that equitable tolling is applied "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass") (quoting *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

In this case, Plaintiff makes no allegation that Defendant actively misled him, nor gives any explanation for why the Defendant's actions caused him to wait over two years

before filing a claim.[8]  Consequently, the statute of limitations cannot be tolled.  *See*, *e.g.*, *Brown v. Novartis Pharm.*, No. 07-365, 2007 WL 2915119, at * 3 (D.N.J. Oct. 4, 2007) (dismissing plaintiff's complaint and declining to toll statute of limitations because the plaintiff did not allege any "deception or misrepresentation" by defendant "that could have caused her non-compliance with the limitations provision"); *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753 (3d Cir. 1983 ) (affirming trial court's dismissal because plaintiff's employment discrimination claim was time-barred and holding that equitable tolling did not apply because plaintiff failed to allege that she was ever misled by the defendant, nor did she allege that she was prevented "in some extraordinary way" from making a timely filing of her claim), *overruled on other grounds by Colgan v. Fisher Scientific Co.*, 935 F.2d 1407 (3d. Cir. 1991)).

In an attempt to circumvent prior case precedent, Plaintiff cites to a line of cases which hold that equitable tolling also applies when an employee is "actively pursuing [an] attempt to amicably resolve his employment situation and while the company [is] sending positive signals."  *Bonham v. Dressler Indus., Inc.*, 569 F.2d 187, 193 (3d Cir. 1977); (Pl. Opp. Br. 6-7).  In *Bonham*, the Court tolled the statute of limitations because the employee had received notice that his position would be terminated, but also received positive signals from the employer that he would be rehired in another position with the employer.  *Id*. at 190.  The court reasoned that an employee should be given the opportunity to resolve his employment status, and should not be required to file a

---

[8] It should be noted that Plaintiff asserts in his opposition brief that during the period between September 18, 2006 and October 2, 2006 he was conducting an investigation into the circumstances surrounding his termination. (Pl. Opp. Br. 1.)  Significantly, however, this assertion was not made in the Amended Complaint.  Consequently, even though this two week period of investigation fails to explain Plaintiff's two year delay, even if it were relevant to the claim, Plaintiff's explanation would not be considered by the Court because "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Corp.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

discrimination claim while still working for the employer. *Id.*; *see also Miller v. Beneficial Management Corp.*, 977 F.2d 834, 848 (3d Cir. 1992) (finding employer's false statements to employee that her compensation was on par with similarly situated employee and that she would receive a promotion could support the application of equitable tolling).

This line of cases is not applicable here. There is no indication in the Amended Complaint that Plaintiff was attempting to amicably resolve his employment situation or that he held out hope for continued employment with Defendant. On the contrary, according to Plaintiff's own allegations, Defendant's communications to Plaintiff were unambiguous and indicated that his termination was inevitable. (*See* Am. Compl. ¶¶ 13, 14.) Furthermore, Plaintiff's letter of resignation shows that he did not have any confusion as to his future employment status with Defendant. (*See* Def.'s Mot. to Dismiss, Ex. A.)

### III.  Failure to Accommodate

To the extent that Plaintiff has brought a failure to accommodate claim under the NJLAD, Defendant also seeks to dismiss that portion of Plaintiff's NJLAD claim pursuant to FED. R. CIV. P. 12(b)(6). (Def.'s Br. in Supp. of Mot. to Dismiss 5 (hereinafter "Def.'s Br.").) At the outset, it should be noted that any claim for a failure to accommodate would likely also be barred by the statute of limitations, as explained *supra*[9]; however, to the extent that Plaintiff would argue that Defendant's failure to accommodate took place up to and including his last day of employment (October 2,

---

[9] *See also Mancuso v. Champion Mortg.*, No. 07-4668, 2008 U.S. Dist. LEXIS 46142, at *10-11 (D.N.J. Jun. 12, 2008) (holding that a failure to accommodate claim is subject to the NJLAD's two year statute of limitations and that such a claim accrues when a request for accommodation is made and denied).

2006) and therefore is not barred by the two-year statute of limitations period, we will briefly address it.

A claim for failure to accommodate requires that:

1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith.

*Taylor v. Phoenixville Sch. District*, 184 F.3d 296, 319-20 (3d Cir. 1999). While Plaintiff does allege that Defendant knew of his disability (Amended Compl. ¶ 30), he does not allege that he made any request for accommodation. Furthermore, an "employer's duty to accommodate extends only so far as necessary to allow 'a disabled employee to perform the essential functions of his job.'" *Bosshard v. Hackensack Univ. Med. Ctr.*, 345 N.J. Super. 78, 91 (App. Div. 2001) (quoting *Vande Zande v. State of Wis. Dep't of Admin.*, 851 F. Supp. 353, 362 (W.D. Wis. 1994)). In his Amended Complaint, Plaintiff alleges "that he was totally capable of performing his job despite his disability." (Amended Compl. ¶ 35.) Consequently, Defendant would have no duty to accommodate Plaintiff, even if a request was made. Therefore, to the extent Plaintiff pleads a failure to accommodate claim under the NJLAD, his claim must be DISMISSED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.

**SO ORDERED.**

s/ Susan D. Wigenton
**Susan D. Wigenton, U.S.D.J.**

cc: Madeline Cox Arleo, U.S.M.J.